UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TONY ROGER PULLINGS,

    Petitioner,

v.                                                                      CASE NO. 5:10-cv-393-Oc-10GRJ

WARDEN, FCC COLEMAN,

    Respondent.
_____/

## ORDER

Before the Court is a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 by Tony Roger Pullings ("Petitioner") (Doc. 1, filed August 13, 2010). Petitioner is a federal inmate presently confined at the Federal Correctional Complex in Coleman, Florida. He brings this action to challenge the 360 month sentence imposed for his 1999 conviction in the U.S. District Court for the Middle District of Florida on one count of conspiracy to distribute cocaine hydrochloride and cocaine base, and three counts of distribution of cocaine hydrochloride. (*United States v. Pulling*, Case No. 5:98-cr-25-Oc-10B).[1]

Respondent has filed a motion to dismiss the petition on the basis that this Court does not have jurisdiction to consider it (Doc. 7, filed November 3, 2010). After carefully reviewing the present case, the Court concludes that Respondent's motion should be granted and the petition is dismissed as an improper filing under § 2241.

**I.**     **Background**

On August 6, 1998, Petitioner was indicted on three counts of distributing cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Cr. Doc. 1). On December 9, 1998, a

---

[1] Criminal Case No. 5:98-cr-25-Oc-10GRJ will be referred to as "Cr. Doc."

superseding indictment was returned, adding a count of conspiracy to distribute cocaine and cocaine base (Cr. Doc. 42). After a jury trial, Petitioner was found guilty on all four counts and was sentenced to imprisonment for a term of 360 months as to count one and to 240 months each as to counts two, three, and four, all such terms to run concurrently (Cr. Doc. 67, 77). Petitioner appealed (Cr. Doc. 78), and the appellate court affirmed (Cr. Doc. 91).

On April 23, 2001, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging, among other things, violations of his Fifth and Sixth Amendment rights in contravention of the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that any fact other than a prior conviction that results in increased penalties must be proven to a jury beyond a reasonable doubt) (Cr. Doc. 93). On September 19, 2001, the § 2255 motion was denied with prejudice because *Apprendi* did not apply retroactively (Cr. Doc. 98). Petitioner subsequently sought relief under Federal Rule of Civil Procedure 59(e), a motion for clarification of sentence in which Petitioner asserted that his criminal history had been erroneously calculated, a motion for "appropriate relief" pursuant to Federal Rule of Civil Procedure 60(b), and a motion pursuant to 18 U.S.C. § 3582(c)(2), seeking retroactive application of the guidelines amended by the sentencing commission five years before Petitioner was sentenced (Cr. Doc. 102, 110, 123, 147). Each motion was denied (Cr. Doc. 106, 112, 129, 149).

The instant § 2241 petition was filed on August 13, 2010. In the petition, Petitioner argues that he is actually innocent of the sentence enhancement imposed for count one pursuant to 21 U.S.C. § 841(b)(1)(A) because he was not convicted for a crime involving a specified minimum drug quantity (Doc. 1 at 5). Specifically, Petitioner argues that pursuant to *United States v. O'Brien*, 130 S.Ct. 2169 (2010), *Apprendi v. New Jersey* is now retroactive

on collateral review (Doc. 8 at 13). Accordingly, Petitioner argues, because his indictment did not charge him with a specified drug quantity, he should have received a maximum sentence of 240 months in prison (Doc. 1 at 5). Petitioner also claims that he is entitled to a sentence reduction under the Fair Sentencing Act of 2010 (Doc. 1 at 6).[2] Respondent contends that the petition must be dismissed because Petitioner cannot use the savings clause of § 2255(e) to bring this claim in a § 2241 petition (Doc. 7 at 1). Respondent also argues that the Fair Sentencing Act of 2010 is not retroactively applicable to sentenced prisoners (Doc. 7 at 4).

**II.     Discussion**

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, however, Petitioner challenges the validity of his sentence because he claims it was improperly enhanced. Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Because Petitioner's previous § 2255 motion was denied by "the court which imposed [his] sentence," Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); *Darby v. Hawk–Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ( "[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission ... before filing a successive § 2255 motion").

Because Petitioner is barred from filing another motion under § 2255, he filed this

---

[2] The Fair Sentencing Act of 2010 amended the mandatory minimum sentencing for crack penalties by reducing the crack to powder cocaine ration from 100:1 to approximately 18:1. *See* Pub. L. No. 110-220, 124 Stat. 2372 (2010).

3

petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. However, § 2255(e) expressly limits the circumstances under which a federal prisoner may file such a petition.

### A. Application of the Savings Clause

Petitioner argues that he is entitled to file a § 2241 petition because the savings clause provision of § 2255(e) applies to the instant case. Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. The clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added). In *Wofford v. Scott*, the Eleventh Circuit interpreted this provision to mean that the savings clause applies when: (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. 177 F.3d 1236, 1244 (11th Cir. 1999). All three *Wofford* requirements must be met to utilize the savings clause to seek habeas relief. *See Dean v. MacFadden*, 133 Fed. Appx. 640, 642 (11th Cir. 2005).[3]

Under these requirements, the only sentencing claims in the Eleventh Circuit "that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Wofford*, 177 F.3d at 1245; *see also*

---

[3]This is an unpublished decision and is persuasive, but not binding, authority pursuant to Eleventh Circuit Rule 36–2. The Court notes this same rule applies to other Fed. Appx. cases cited herein.

4

*Edwards v. Warden, FCC Coleman–Medium*, 432 Fed. Appx. 897, 899 (11th Cir. 2011) ("There is no precedent in this circuit for applying the savings clause to sentence claims.").

Petitioner has the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of a motion brought under § 2255. *Gaines v. Warden, FCC Coleman USP 1*, 380 Fed. Appx. 812, 814 (11th Cir. 2010) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

### 1. *United States v. O'Brien*

Petitioner points to *United States v. O'Brien*, 130 S. Ct. 2169 (2010) as a retroactively applicable Supreme Court decision establishing that he was "convicted for a nonexistent offense" and that he is "actually innocent" of the enhanced drug provision of § 841(b)(1) based on the *O'Brien* decision (Doc. 8 at 2).

As an initial matter, Petitioner fails to establish the retroactive applicability of *O'Brien*. In general, decisions that establish new rules of law are not applied retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 303, 310–11 (1989); *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001) ("a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). Nothing in *O'Brien* suggests that the Supreme Court made the decision retroactively applicable to cases on collateral review, and the district courts have not recognized the decision as retroactive. *See e.g. Navarro v. United States*, 2011 WL 2562480 at *2 (M.D. Fla. June 28, 2011) (finding *O'Brien* does not apply retroactively) (*citing United States v. Smith*, 2011 WL 2006342 (N.D. Fla. May 23, 2011); *Oharo v. Wells*, 2010 WL 5625387 (S.D.Ga. Jan.19, 2011)); *Stewart v. Warden, FCC Coleman-Low*, 2011 WL 6004594 (M.D. Fla November 30, 2011).

Moreover, even if Petitioner had established its retroactivity, *O'Brien* is inapplicable to

5

his case. In *O'Brien*, the Supreme Court held that, for purposes of mandatory minimum sentencing under 18 U.S.C. § 924(c)(1)(B)(ii), the use of a machine gun in a crime is an element to be proved to a jury beyond a reasonable doubt, not a sentencing factor to be proved to the judge at sentencing. *O'Brien*, 130 S.Ct. at 2180. Petitioner suggests that, based on *O'Brien*, the quantity of cocaine in his possession should have been a question for the jury. However, he points to no case law extending the *O'Brien* holding to stand for the proposition that the quantity of drugs for which a defendant is convicted is a question for the jury.

### *2.  Petitioner Was Not Convicted of a Nonexistent Offense*

The holding of *O'Brien* does not establish that Petitioner was convicted for a non-existent offense. Presumably, Petitioner intends to analogize his case to *O'Brien* by suggesting that the drug quantity determination made during his sentencing is akin to the machine-gun determination that the *O'Brien* Court held to be an element of the offense rather than a sentencing factor (Doc. 8 at 2-4). This argument is flawed because the second prong of the Eleventh Circuit's savings clause test involves only the narrow inquiry of whether "a Supreme Court decision has changed the law of a circuit in such a way that a prisoner stands convicted for a nonexistent offense. . . ." *Wofford*, 177 F.3d at 1244. A Supreme Court decision such as *O'Brien* that does not even address the crime of which Petitioner was actually convicted cannot satisfy this inquiry. In addition, Petitioner has not shown that "he was imprisoned for conduct that was not prohibited," which is required to show an offense is non-existent. *Darby*, 405 F.3d at 945. The prohibited nature of the conduct for which Petitioner was imprisoned, conspiring to distribute cocaine, was in no way called into question in *O'Brien*.

Furthermore, unlike the machine-gun provision at issue in *O'Brien*, drug quantity is a

sentencing factor that must only be proved to the sentencing judge by a preponderance of the evidence. *See United States v. Mertilus*, 111 F.3d 870, 873 (11th Cir.1997); *United States v. O'Neil*, 436 Fed. Appx. 960, 963 (11th Cir. 2011) (government bore only preponderance of the evidence burden of proving drug quantity for sentencing purposes, and was not required to prove quantity beyond a reasonable doubt pursuant to *Apprendi*). As a result, the Supreme Court's decision in *O'Brien* cannot establish that Petitioner was convicted for a nonexistent offense because a sentencing enhancement is not a conviction.

Petitioner has failed to carry his burden to establish the three *Wofford* requirements and has failed to show that a motion brought under § 2255 would be inadequate or ineffective. Therefore, Petitioner's claim does not fall within the ambit of the § 2255(e) savings clause.

### B. Miscarriage of Justice Due to Actual Innocence

Petitioner appears to argue that a manifest injustice exception regarding actual innocence should allow his § 2241 petition to go forward regardless of any procedural irregularities because he is actually innocent of the enhanced drug provision of § 841(b)(1). Plaintiff argues that the Eleventh Circuit's decision in *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010) (*Gilbert I*) "over-rules the Respondent's argument that sentencing actual innocence claims are not cognizable under § 2241." (Doc. 8 at 2). The *Gilbert* opinion cited by Defendant is no longer good law. It was vacated, and on rehearing, the district court's denial of relief, which had been reversed in the opinion relied on by Defendant, was affirmed. *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir.2011) (*Gilbert II*).

The petitioner in the *Gilbert* cases sought § 2241 relief claiming that—due to subsequent legal developments—the sentencing guidelines were improperly applied, and he was barred from seeking relief by a second or successive § 2255 motion under § 2255(h).

7

*Gilbert II*, 640 F.3d at 1307–08. The court determined that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." *Id.* at 1323.[4]

Petitioner does not argue that he is factually innocent of the crimes for which he is serving his sentence. Rather, he makes the purely legal argument that he is innocent of the sentencing enhancement because the Court, rather than a jury, determined the drug quantity in which he dealt (Doc. 8 at 12-13). Petitioner does not suggest that he did not actually commit the crimes of distribution of cocaine or conspiracy to distribute cocaine. Because Petitioner makes only a legal argument that the guidelines were improperly applied, has not established the applicability of the savings clause to his claims, and has made no argument that he is factually innocent of any crime, the Court finds that the miscarriage of justice exception for actual innocence is unavailable to him and his § 2241 petition is required to be dismissed on this additional ground. *See McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011); *Gilbert II*, 640 F.3d at 1322–23.

### C. Fair Sentencing Act of 2010

Petitioner is not entitled to relief under the Fair Sentencing Act of 2010 ("FSA"). The FSA does not apply to Petitioner because he was sentenced before the August 3, 2010 effective date of the FSA, and the FSA is not retroactive. *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010).

---

[4] Petitioner was sentenced as a career offender under § 4B1.1 (Cr. Doc. 146 at 3). Accordingly, his sentence did not exceed the statutory maximum of thirty years for an unspecified drug quantity. 21 U.S.C. § 841(b)(1)(C)(2).

8

## III. Conclusion

In sum, Petitioner cannot demonstrate that relief under § 2255 would be inadequate or ineffective so as to warrant consideration of his § 2241 petition under the savings clause because: (1) Petitioner failed to satisfy the requirements of the savings clause; (2) Petitioner improperly sought to challenge his sentence using § 2241 where he was not sentenced above his statutory maximum; and (3) the actual innocence exception does not apply to his case. Furthermore, the Defendant's sentence is not subject to reduction pursuant to the application of the FSA.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Tony Roger Pullings is **DISMISSED** as an improper filing under § 2241.

2. The Clerk is directed to enter judgement against Pullings, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Ocala, Florida, this 30th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4 3/30
Counsel of Record
Tony Roger Pullings